# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2648

———————

Karen Denise Haggard,       *
     *
     Plaintiff - Appellant,      *     Appeal from the United States
     *     District Court for the
v.      *     Eastern District of Arkansas.
     *
Levi Strauss & Company,      *     **[UNPUBLISHED]**
     *
     Defendant - Appellee.      *

———————

Submitted:  April 11, 2001

Filed:  May 18, 2001

———————

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Karen Denise Haggard began a medical leave of absence from her employment as an Inventory Control Secretary for Levi Strauss & Company on December 16, 1996, following an automobile accident.  Haggard returned to work March 4, 1997, on a part-time basis but resumed her medical leave a few days later.  On March 19, Haggard notified Levi Strauss that her physician had released her for half-time work beginning March 24.  Concerned about her fitness for duty, Haggard's supervisor requested a meeting on March 21.  Haggard said she was not available that day, the two agreed to meet on March 31, and Levi Strauss extended her medical leave with pay to March 30.

At the meeting on March 31, Levi Strauss informed Haggard that her prior position had been eliminated and offered her either of two alternative positions. Haggard rejected the offer, resigned, and commenced this action, alleging that Levi Strauss had violated the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* She now appeals the district court's[1] entry of judgment in favor of Levi Strauss after a bench trial. We affirm.

The FMLA entitles an eligible employee up to twelve workweeks of leave taken during a twelve-month period for the reasons specified in the Act. See 29 U.S.C. § 2612(a)(1). The district court found that Haggard used up her twelve weeks before the March 31 meeting, a finding that precludes this FMLA claim. On appeal, Haggard attacks the finding in two respects. First, she argues the district court erred in counting the week of March 24 as five FMLA leave days because her physician's note releasing her to work half days was effective to trigger her FMLA right to intermittent leave as a matter of law. See generally 29 U.S.C. § 2612(b)(1). We disagree. Intermittent leave must be medically necessary. 29 C.F.R. § 825.203(c). Here, the physician's note did not explain the medical necessity, and Levi Strauss was understandably concerned because Haggard had unsuccessfully returned to work on a part-time basis earlier that month. Levi Strauss asked to meet with Haggard to discuss the issue on March 21. When she could not meet until March 31, Levi Strauss reasonably extended her full-time leave until March 30. In these circumstances, her right to intermittent leave was an issue of fact, and the district court's finding is not clearly erroneous.

Second, Haggard argues the district court erred in counting the medical leave as FMLA leave time because Levi Strauss had not notified her that it would count toward her twelve workweeks of FMLA leave. This issue is governed by our decision in Ragsdale v. Wolverine Worldwide, Inc., 218 F.3d 933 (8th Cir. 2000), where we

___

[1]The HONORABLE G. THOMAS EISELE, United States District Judge for the Eastern District of Arkansas.

invalidated as contrary to the Act the Department of Labor regulation requiring such notice. Haggard argues <u>Ragsdale</u> was wrongly decided, but it is binding upon this panel. Thus, we uphold this district court ruling.

Finally, Haggard attacks the district court's alternative ground that she did not pursue the alternative positions offered by Levi Strauss and therefore is estopped to argue they were not equivalent positions for FMLA purposes. <u>See</u> 29 C.F.R. § 825.214. Haggard argues the court erred by considering an estoppel defense that was never pleaded. We disagree. Although the court's Memorandum Opinion used the word "estoppel," the import of its findings was that Haggard was not fired and she had failed to prove a lack of equivalency. The findings are not clearly erroneous. They establish a failure of proof by Haggard, not an unpleaded affirmative defense.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-